IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARIE ELIZABETH CARRION,**

        **Plaintiff,**

vs.                                                                                          Civ. No.  19-204 KK

**ANDREW SAUL,**
**Commissioner of the Social Security**
**Administration,**

        **Defendant.**

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum ("Motion"), filed January 4, 2021.  (Doc. 31.) The Commissioner filed his Response to the Motion on January 21, 2021, indicating therein that he "has no objection to the petition in this case." (Doc. 32 at 1.) Having considered Plaintiff's Motion, the Commissioner's Response, and the relevant law, the Court finds Plaintiff's Motion is well taken and should be **GRANTED**.

## BACKGROUND

Plaintiff Marie Elizabeth Carrion entered into a contingency-fee agreement with Michael D. Armstrong on February 1, 2019 for representation in judicial review of her social security disability case. (Doc. 31-1 at 19.)  Pursuant to that contract, Michael Armstrong Law Office, LLC filed this action seeking the Court's review of Ms. Carrion's denied claims for disability benefits. (Doc. 1; Doc. 31.) Plaintiff filed her Motion to Reverse and Remand For a Rehearing with Supporting Memorandum on September 6, 2019 (Doc. 20), and in lieu of a response, the Commissioner filed an Unopposed Motion to Reverse and Remand For Further Administrative

Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) on December 16, 2019. (Doc. 25.) The Court granted the Motion, remanded this matter to the agency for further proceedings, and thereafter awarded EAJA fees in the amount of $5,038.80. (Docs. 26, 27, 29.)

On August 25, 2020, an Administrative Law Judge issued a fully favorable final administrative decision finding Ms. Carrion has been disabled since August 4, 2015. (Doc. 31-1 at 1-9.) The Social Security Administration issued a Notice of Award to Ms. Carrion on November 15, 2020, stating that it was withholding $20,039.00 from her past-due benefits to cover any attorney fees. (Doc. 31-1 at 10, 14.) Ms. Carrion's substituted counsel of record, Laura Joellen Johnson of Michael Armstrong Law Office, LLC, entered her appearance in this matter and filed the instant Motion on January 4, 2021, seeking an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,039.00.00 for 24.7 hours of attorney work performed before this Court. (Doc. 30; Doc. 31, 31-1 at 17-18.)

## LEGAL STANDARD

Attorney fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the EAJA award effectively increases the past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25 percent of the claimant's past-due benefits. 42 U.S.C.

§ 406(b)(1)(A). Separate awards of attorney fees – for example, fees pursuant to the EAJA and § 406(b) – are not collectively limited to 25 percent of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008).  However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2.

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25 percent of past-due benefits are reasonable. *Id*. at 807 n.17.  The attorney seeking fees bears the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## REASONBLENESS DETERMINATION

The fee agreement Ms. Carrion entered into provided that she "agree[s] to pay my attorney twenty-five percent (25%)" of all past-due benefits for work performed in this Court. (Doc. 31-1 at 19.) The total attorney fees of $14,039.00 sought in the Motion amount to approximately 17.4 percent of the $80,516.00 in past-due benefits awarded to Ms. Carrion. (Doc. 31 at 5; Doc. 31-1 at 10-14.) The Court does not find any indication of undue delay in moving the appeal forward, and this Motion was filed within a reasonable time after the agency provided Ms. Carrion with notice of entitlement to past-due benefits.

Ms. O'Neal worked in this case as co-counsel with Michael Armstrong, and her efforts on behalf of Ms. Carrion yielded a fully favorable decision. Although an hourly rate of $568.38 would be high for a general practitioner in New Mexico with ten years of experience, this hourly rate is not disproportionately large in comparison to those awarded other Social Security practitioners in this district. *See, e.g.*, *Valdez v. Barnhart*, USDC Civ. No. 00-1777 MV/LCS (Docs. 26-27) (awarding $645.16 per hour); *Montes v. Barnhart*, USDC Civ. No. 01-578 BB/KBM (Doc. 22) (awarding $701.75 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Osborn v. Berryhill,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding $636.90 per hour). Ms. O'Neal devotes her primary practice to this specialized area of the law. (Doc. 31-1 at 17.) And her highly efficient, successful representation of Plaintiff here reflects the skill and expertise she has developed in Social Security law. For all of these reasons, the Court finds that the fee request is reasonable in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 30) is **GRANTED.** The Court hereby authorizes **$14,039.00** in attorney fees for legal services rendered in the United States

District Court, to be paid by the Social Security Administration out of the funds it withheld from Ms. Carrion's past-due benefits.[1]

**IT IS FURTHER ORDERED** that in accordance with *Gisbrecht*, 535 U.S. at 795, counsel shall refund to Ms. Carrion the total EAJA fees they received in this case.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**

---

[1] Counsel requests that if the Motion is granted fees be paid to Michael Armstrong Law, LLC or Laura Joellen Johnson. (Doc. 33 at 2.) The fees will likely be issued in accordance with the fee contract, and how those fees are ultimately dispersed among counsel is between Ms. Carrion's counsel and the parties to the fee contract.